UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JODIE DEREK GRAGG,<br><br>        Plaintiff,<br><br>        v.<br><br>GRAYS HARBOR SHERIFFS DEPARTMENT *al*.,<br><br>        Defendants, | Case No.  C07-5499FDB/JKA<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>**March 28, 2008** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted *in form pauperis* status (Dkt # 5).  Before the court are two motions to dismiss.  The first motion is filed by the City of Elma (Dkt # 20).  The second motion is filed by the Grays Harbor Sheriff's Office (Dkt. # 21).

## FACTS

      Plaintiff alleges that on January 12, 2007, he was illegally arrested by two City of Elma Police Officers and three Grays Harbor Deputy Sheriffs.  Plaintiff alleges the law enforcement officers illegally obtained a key to his motel room at the Parkhurst Motel and forced the door open when they realized it was barricaded (Dkt # 6, complaint).  The officers did not have a search warrant or arrest warrant according to plaintiff.  Plaintiff does not name any individual deputy sheriff or police officer as defendants.  He names the city, the county, and the

motel as defendants.

The City of Elma and the Grays Harbor Sheriffs Office move to dismiss and argue there is no *respondeat superior* liability in a Civil Rights Action. Further, they argue no policy or custom of the city or county is at issue (Dkt # 20 and 21). Plaintiff responded, and by affidavit reiterates the same allegations he made in his complaint (Dkt # 23). Defendants reply and argue the filing of the affidavit converts this matter to a summary judgment motion (Dkt # 24 and 35).

## DISCUSSION

The court believes this matter is still at the 12 (b) (6) stage. Plaintiff's affidavit places nothing before the court that was not in his complaint (Dkt # 6, and 23). Further, under either the motion to dismiss standard, or the summary judgment standard, these two defendants are entitled to dismissal.

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. Padway v.

1 Palches, 665 F.2d 965 (9th Cir. 1982).

2 The court must also address possible municipality liability.  To establish municipal liability under 42
3 U.S.C. § 1983, a plaintiff must show that (1) he was deprived of a constitutional right;  (2) the
4 municipality has a policy;  (3) the policy amounts to deliberate indifference to plaintiff's constitutional
5 rights; and (4) the policy is the moving force behind the constitutional violation.   Oviatt v. Pearce, 954
6 F.2d 1470, 1474  (9th Cir.1992).  The Supreme Court has emphasized that the unconstitutional acts of a
7 government agent cannot, standing alone, lead to municipal liability; there is no respondeat superior
8 liability under § 1983.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978).  A
9 municipality may only be liable where its policies are the " 'moving force [behind] the constitutional
10 violation.' "  City of  Canton v. Harris, 489 U.S. 378, 389, (1989)(quoting Monell at 694).

11 Plaintiff has failed to place any policy or custom of either the City of Elma or Grays Harbor County at
12 issue.  While the court liberally construes the complaint, it cannot supply essential facts plaintiff has not pled.
13 Pena v Gardner, 976 F.2d 469 (9th Cir. 1992).  Thus, plaintiff does not have a legal theory that would subject
14 either of these defendants to liability and has not pled facts that would support liability as to either of these
15 defendants.

16 Both these defendants are entitled to dismissal of this action for failure to state a claim.  This leaves one
17 remaining defendant, the Parkhurst Motel.  The Motel has appeared and filed a substitution of counsel, but has
18 not answered the complaint or otherwise filed any motion to dismiss (Dkt # 16 and 29).

19 The court recommends the City of Elma and the Grays Harbor Sheriffs Office be **DISMISSED**
20 **WITH PREJUDICE** for plaintiff's failure to state a claim against these two defendants.  Pursuant to 28
21 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10)
22 days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file
23 objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140
24 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for
25 consideration on **March 28, 2008,** as noted in the caption.

26 DATED this 11 day of March, 2008.

27
28
*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3