UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JODIE DEREK GRAGG,

    Plaintiff,

    v.

GRAYS HARBOR SHERIFFS
DEPARTMENT *et al*.,

    Defendants.

Case No. C07-5499 FDB

ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL

    Subsequent to this Court's Order Adopting the Report and Recommendation dismissing Plaintiff's complaint as to the City of Elma and the Grays Harbor Sheriffs Department, Plaintiff filed a "Response" to the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's "Response" will be treated as a motion for reconsideration.

    Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Plaintiff has not made the requisite showing as to either of the grounds for reconsideration under CR 7(h)(1). As detailed by the Magistrate Judge, the Plaintiff has failed to assert a legal theory that would subject either the City of Elma or the Grays Harbor Sheriffs Office to liability and has not plead facts that would support liability as to either of these defendants. Both these defendants are entitled to dismissal of this action.

    Plaintiff has also moved for appointment of counsel. Generally, there is no constitutional right to

ORDER
Page - 1

counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). While the court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, at 1335-36; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

Plaintiff has not demonstrated a likelihood of success on the merits or exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiffs' motion for appointment of counsel will be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for reconsideration and for appointment of counsel [Dkt. # 38] is **DENIED.**

DATED this 21st day of April, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE